# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **BLAIR BYRON MITCHELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 18-cv-3274 |
| | ) |
| **JESSICA TRAME,** | ) |
| **In her official capacity as** | ) |
| **Chief of the Firearms** | ) |
| **Services Bureau of the** | ) |
| **Illinois State Police** | ) |
| | ) |
| Defendant. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Before the Court are Defendant Jessica Trame's Motion for Summary Judgment on the Issue of Mootness (d/e 12) and Plaintiff Blair Mitchell's Cross-Motion for Summary Judgment (d/e 20). Because Plaintiff's only remaining claims are for prospective injunctive relief against harms that are unlikely to re-occur, the Court finds that he no longer has any legally cognizable interest in the outcome of this case.  Plaintiff's Cross-Motion (d/e 20) is therefore DENIED, while Defendant's Motion (d/e 12) is GRANTED.

# I. INTRODUCTION

Plaintiff Blair Byron Mitchell brought this 42 U.S.C. § 1983 lawsuit against Jessica Trame in her official capacity as Chief of the Firearms Services Bureau of the Illinois State Police ("ISP"). Plaintiff claims that Defendant Trame deprived him of his Second Amendment right to keep and bear arms by revoking his Firearms Owner Identification Card ("FOID card") and denying his application for an Illinois Concealed Carry License.

Since Plaintiff filed his complaint, Defendant has acknowledged that Plaintiff is not prohibited from possessing the licenses previously denied to him and has issued Plaintiff both a valid FOID card and a Concealed Carry License. Defendant has also moved for summary judgment on the issue of mootness, arguing that the issuance of these licenses has resolved the only ongoing controversy present in this case, and has mooted Plaintiff's claims. Plaintiff disagrees and argues that his requests for prospective injunctive relief still present a live controversy because Defendant may again revoke his licenses, on the same grounds as

before, if she is not prospectively enjoined from doing so.  Plaintiff has filed a cross-motion for summary judgment on the merits.

## II. JURISDICTION

This Court has subject-matter jurisdiction over Plaintiff's § 1983 claims, if they present a genuine case or controversy, because they arise under the United States Constitution and are brought pursuant to a federal statute.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Thus, the only jurisdictional issue currently before the court is that of mootness.

The actions of Defendant that gave rise to Plaintiff's claims were executed in Sangamon County, Illinois, which is located in the Central District of Illinois.  Venue is therefore proper in this district.  See 28 U.S.C. § 1391(b)(2) (stating that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

## III. FACTS

The relevant material facts in this case are largely undisputed. In 2008, Plaintiff was convicted of "disorderly conduct" in Douglas

County, Wisconsin, in violation of a municipal ordinance. See Complaint (d/e 1), at 2. On January 3, 2018, Plaintiff applied to Defendant for a FOID card and concealed carry license, Defendant issued a FOID card to Plaintiff on January 23, 2018. On May 2, 2018, ISP revoked Plaintiff's FOID card and denied his application for a concealed carry license. See Memo (d/e 30), at 2. ISP revoked Plaintiff's FOID card on the basis of its determinations that: (1) Plaintiff's 2008 ordinance violation conviction was a conviction for "domestic battery, aggravated domestic battery, or a substantially similar offense" under 430 ILCS 65/8(l); (2) that the same was a conviction for a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9); and (3) that Plaintiff was therefore prohibited from possessing a FOID Card under state and federal law. See Revocation Letter (d/e 13 exh. 2), at 1. ISP denied Plaintiff's concealed carry application because he was ineligible for a FOID card and a FOID card is a requirement for obtaining a concealed carry license under Illinois law. See Denial Letter (d/e 13 exh. 3), at 1.

    Plaintiff filed suit on October 23, 2018. See Complaint (d/e 1). On February 6, 2019, ISP issued Plaintiff a new FOID card after

revisiting its earlier determinations and concluding upon review that neither 430 ILCS 65/8(l), 18 U.S.C. § 922(g)(9), nor any other state or federal statute prohibited Plaintiff from possessing a FOID card on the basis of his 2008 conviction.  See Defendant's Motion (d/e 13), at 5.  On February 21, 2019, ISP issued an Illinois Concealed Carry License to Plaintiff, and, on September 12, 2019, ISP re-issued Plaintiff's Concealed Carry License.  See Concealed Carry Abstract (d/e 26 exh. 1); Concealed Carry License (d/e 28 exh. 1).

### IV. LEGAL STANDARD

**A. Summary Judgment**

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The movant bears the initial responsibility of informing the court of the basis for the motion and identifying the evidence the movant believes demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A genuine dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party.  Carroll v. Lynch, 698 F.3d 561,

564 (7th Cir. 2012). When ruling on a motion for summary judgment, the court must consider the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor. Egan Marine Corp. v. Great Am. Ins. Co. of New York, 665 F.3d 800, 811 (7th Cir. 2011).

### V. ANALYSIS

#### A. Mootness

Mootness is a jurisdictional issue, and as such it must be addressed before the Court can reach the issue of the constitutionality of Defendant's actions. See Germeraad v. Powers, 826 F.3d 962, 965 (7th Cir. 2016); Fed'n of Advert. Indus. Representatives, Inc. v. City of Chicago, 326 F.3d 924, 928 (7th Cir. 2003) (Granting cross-motion for summary judgment on mootness without reaching constitutionality of challenged ordinance). Because the Court concludes that this case must be dismissed for lack of jurisdiction, no decision on the merits of Plaintiff's § 1983 claim is rendered.

Because Defendant Trame has corrected the allegedly wrongful action that gave rise to this case by issuing a new FOID card and Concealed Carry License to Plaintiff Mitchell, the

injunctive relief that Plaintiff originally sued for is no longer available to him even should he succeed on the merits of his claim. The only relief still requested by Plaintiff at this stage consists of an injunction to prevent Defendant from re-revoking Plaintiff's firearms licenses in the future, as well as an award of attorney's feees. According to well-established Seventh Circuit precedent, such claims for injunctive relief against the re-occurrence of a past alleged wrong do not constitute a legally cognizable interest in the outcome of a case and Plaintiff's claims must therefore be dismissed as moot.

### (1) To Avoid Dismissal for Mootness, Plaintiff Must Show He Retains a Legally Cognizable Interest in the Outcome of This Case.

Under Article III, § 2 of the Constitution, "cases that do not involve 'actual, ongoing controversies' are moot and must be dismissed for lack of jurisdiction." Wisconsin Right to Life, Inc. v. Schober, 366 F.3d 485, 490–91 (7th Cir. 2004) (quoting Fed'n of Advert. Representatives, 326 F.3d at 929).  Accordingly, a plaintiff seeking to litigate in federal court "must demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome of the action." Wright v. Calumet City, Illinois, 848 F.3d

814, 816 (7th Cir. 2017) (quoting Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 71 (2013)).  If any "intervening circumstance" eliminates the plaintiff's stake in the outcome of the lawsuit "at any point during the litigation, the action can no longer proceed and must be dismissed as moot." Id. at 817 (quoting Campbell–Ewald Co. v. Gomez, 577 U.S. 153, 160–61 (2016)).  In other words, "to avoid dismissal based on mootness," a plaintiff must demonstrate that there remains "some form of meaningful relief" that a court could provide in the event that the plaintiff is successful on the merits. Pakovich v. Verizon LTD Plan, 653 F.3d 488, 492 (7th Cir. 2011) (citing Cornucopia Inst. v. U.S. Dep't of Agric., 560 F.3d 673, 676 (7th Cir.2009).

### (2) **Plaintiff Does Not Assert Any Cognizable Interest Other Than Claims for Prospective Injunctive Relief**

Defendant claims that Plaintiff's only legally cognizable interest in this lawsuit was his interest in injunctive relief to reverse the revocation of his FOID card and the denial of his concealed carry license application.  See Defendant's Memorandum (d/e 13), at 4–6; Supplemental Reply (d/e 26).  According to this view of the case, Defendant's decision to issue Plaintiff a new FOID card and a

concealed carry license is an intervening circumstance that eliminated the only effectual relief that a court could have granted, thereby mooting this case.

In his Complaint (d/e 1) Plaintiff Mitchell requested that the Court enjoin Defendant Trame from revoking, suspending, or failing to renew or approve any firearms license to him on the basis of his 2008 Wisconsin conviction, and for attorney's fees. Complaint (d/e 1), at 3. A potential award of attorney's fees "does not create a justiciable controversy if nothing else is at stake in the litigation," <u>Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC</u>, 900 F.3d 377, 383 (7th Cir. 2018), and Plaintiff does not claim that any potential fee award is a cognizable legal interest in this case.

In later filings, Plaintiff initially argued that his claims remained ripe for adjudication because Defendant's 2018 denial of his application for a Concealed Carry License had created an ongoing harm for which a judicial remedy (i.e. an injunction ordering Defendant to consider and/or grant Plaintiff's license application) was available. <u>See</u> Cross-Motion (d/e 20), at 5. Currently, Plaintiff concedes that Defendant has issued him a Concealed Carry License, but claims to retain a legally cognizable

interest in the case because the Court can prospectively enjoin Defendant from revoking Plaintiff's firearms licenses on the basis of his 2008 conviction in the future.  See Memo (d/e 30), at 5.

### (3) Plaintiff's Claims for Prospective Injunctive Relief Do Not Give Rise to Any Cognizable Legal Interest, Because No Reasonable Expectation That Defendant Will Again Revoke Plaintiff's Licenses Based on the 2008 Conviction Exists

Generally, prospective injunctive relief is available only where there exists a "continuing violation of federal law to enjoin." Green v. Mansour, 474 U.S. 64, 68 (1985).  There is an exception to this general rule, however, that sometimes applies when the alleged violation ceases because of the voluntary action of a party. In such cases, "mere cessation of the conduct sought to be enjoined does not moot a suit to enjoin the conduct," because dismissal might leave the defendant "free to resume the conduct the next day." Chicago United Indus., Ltd. v. City of Chicago, 445 F.3d 940, 947 (7th Cir. 2006) (citations omitted); Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 189 (2000); United States v. W.T. Grant Co., 345 U.S. 629, 632–33 (1953); Kikumura v. Turner, 28 F.3d 592, 597 (7th Cir.1994). Plaintiff argues that, in the absence of an injunction, Defendant will

be free to "flip-flop" and revoke Plaintiff's firearms licenses again in the future and that his claims for prospective injunctive relief as legally cognizable interests. See Memo (d/e 30), at 5–6.

Plaintiff's argument fails because the doctrine of voluntary cessation does not prevent dismissal for mootness when the ceasing party demonstrates that "there is no reasonable expectation that the wrong will be repeated." Chicago United Indus., 445 F.3d at 947. Moreover, where the ceasing party is a government official, Seventh Circuit precedent indicates that a court should assume that acts of self-correction are undertaken in good faith and apply the voluntary-cessation doctrine only in cases "where there is evidence that the repeal was not genuine."[1]  Fed'n of Advert.

---

[1] The most government-friendly precedents in this area involve repealed or amended laws or rules general applicability rather than individualized administrative actions like the granting or revocation of a single license.  See Fed'n of Advert. Representatives, 326 F.3d at 930 (framing more lenient standard as applicable in situations where a challenge to government action is "mooted by passage of legislation") Chicago United Indus., 445 F.3d at 947 (applying "rebuttable presumption that the objectionable behavior will not recur" where municipality passed new prospective municipal rule addressing plaintiff's civil rights complaints).
Many of the justifications for a strong presumption that legislation is not undertaken in bad faith do not apply to official government actions affecting only individual rights. See Fed'n of Advert. Representatives, 326 F.3d at 930 n.7 (citing D.C. Circuit opinions justifying presumption on grounds of respect for the legislative role, democratic considerations, cost and difficulty of coordinating the passage and repeal of generally applicable legislation in bad faith); But see Chicago United Indus., 445 F.3d at 947 (emphasizing importance of comity between federal and state governments and respect for state and local government processes).  Still, the general rule is that "injunctive claims become moot after the challenged government misconduct has ceased or has been corrected," unless there is some reason to suspect a return to the challenged conduct. Smith v. City of Chicago, 143 F. Supp. 3d 741, 750 (N.D. Ill. 2015) (quoting Kliegman v. County of Humboldt, No. 09 CV 0006 NJV, 2010 WL 2382445, at *3 (N.D.Cal. June 10, 2010)).

Representatives, 326 F.3d at 929–930; see Ozinga v. Price, 855 F.3d 730, 734 (7th Cir. 2017); Wisconsin Right to Life, 366 F.3d at 492.

Here, Defendant has adequately established that there is no reasonable expectation that Defendant will again revoke Plaintiff's licenses because of his 2008 conviction. In cases involving a constitutional challenge to a generally applicable law or regulation, the incentives for a government agency to restore its preferred policy after dismissal are obvious. See City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982) (declining to dismiss for mootness, where municipal defendant announced intention to reinstate popular but unconstitutional policy upon dismissal). In this case, by contrast, the government actions at issue arose from legal determinations that Defendant has now admitted were incorrect and which Defendant has disavowed and corrected. Plaintiff has not suggested any reason why, having discovered and admitted its error, Defendant would intentionally expose her agency to further litigation by violating the same individual's rights in the same way after stating under oath that she had no intent to do so. Instead, Plaintiff insists that the case is not moot because Defendant "could" wrongfully deprive him of his rights again in the

future, as there is "nothing stop[ping]" her from doing so.  See Memo (d/e 30), at 5.

This argument stems from a misapprehension of the applicable rule.  Even where the ceasing party is not a government official, what matters is not whether he or she "could" resume the offensive conduct in the future, but whether there is any reasonable expectation that he or she will in fact reoffend.  See Fed'n of Advert. Representatives, 326 F.3d at 930.  Given that Defendant Trame is, in fact, a government official entitled to a presumption of good faith, the Court finds that Defendant's sworn statement of intent sufficiently demonstrates the absence of any reasonable probability of the re-revocation on the same grounds of Plaintiff's licenses.  See Wisconsin Right to Life, 366 F.3d at 491 (holding that "private and public assurances" by government that allegedly unconstitutional statute would not be enforced mooted suit to enjoin enforcement of statue).

### B.  Plaintiff is not entitled to Attorney's Fees under § 1988.

Plaintiff also moves for attorney's fees under 42 U.S.C. § 1988, which provides that a "prevailing party" in a civil rights action like this one may be awarded reasonable attorneys fees.  Under the rule

set forth in Buckhannon Board & Care Home, Inc. v. W. Va. Dep't. of Health and Human Res., 532 U.S. 598, 600 (2001), a voluntary cessation by the government of the challenged conduct does not make a Plaintiff a "prevailing party" under § 1988.  Rather, a "judicially sanctioned change" in the legal relationship of the parties, such as a judgment on the merits, is required. As the Court does not reach the merits of this case, Plaintiff is not a "prevailing party" under § 1988 and cannot recover attorney's fees.

## VI. CONCLUSION

Because Plaintiff Mitchell's only remaining claims are for prospective injunctive relief against harms that are unlikely to re-occur, the Court finds that he no longer has any legally cognizable interest in the outcome of this case.  Accordingly, Defendant's Motion for Summary Judgment on the Issue of Mootness (d/e 12) is GRANTED, and Plaintiff's Cross-Motion for Summary Judgment (d/e 20) is DENIED.  Plaintiff's claims are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

**ENTERED: November 16, 2020**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE**